# UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
### WESTERN  DIVISION

Brian D. Fleming,
     Petitioner,

    vs.
                                       Case No. 1:05cv513
                                          (Weber, S.J.; Black, M.J.)

Alan Lazaroff,
     Respondent.

## REPORT AND RECOMMENDATION

Petitioner, who was an inmate in state custody at the Madison Correctional Institution in London, Ohio when the instant action commenced,[1] has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court for ruling on respondent's motion to dismiss (Doc. 6), filed on October 27, 2005, which has not been opposed by petitioner.

In the motion to dismiss (Doc. 6), respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.  Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must

---

[1] Respondent has submitted evidence indicating that petitioner was released from state custody at the completion of his sentence on September 13, 2005.  (*See* Doc. 6, Ex. A).

file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this action, petitioner is challenging his September 19, 2002 conviction in the Butler County, Ohio, Court of Common Pleas on two counts of vehicular assault, and charges of leaving the scene of an accident and reckless operation of a motor vehicle. (*See* Doc. 1, p. 2; Doc. 6, Ex. Q). On November 12, 2002, petitioner was sentenced to consecutive terms of imprisonment of fifteen (15) months on each of the vehicular assault charges and six (6) months for leaving the scene of an accident, for a total of (3) years in prison. (Doc. 6, Ex. C).[2]

Petitioner timely appealed his conviction to the Ohio Court of Appeals, Twelfth Appellate District, which affirmed the trial court's judgment on December 22, 2003. (*Id.*, Ex. F).[3] Petitioner did not timely appeal this decision to the Supreme Court of Ohio. Instead, over five months later, on June 9, 2004, petitioner filed a motion for delayed appeal to the Supreme Court of Ohio, which was denied on August 4, 2004. (*Id.,* Exs. G-H).

In the interim period between the Ohio Court of Appeals' direct appeal

---

[2] Only a $100.00 fine was imposed for the reckless operation offense. (Doc. 6, Ex. C).

[3] On May 21, 2003, while his direct appeal was pending before the Ohio Court of Appeals, petitioner filed a petition for post-conviction relief in the Butler County Common Pleas Court. (Doc. 6, Ex. I). On June 11, 2003, the Common Pleas Court denied the petition. (*Id.,* Ex. J). It appears from the trial court's docket records that petitioner did not attempt to appeal this decision to the Ohio Court of Appeals. (*See id.,* Ex. Q).

decision and the filing of his motion for delayed appeal to the Supreme Court of Ohio, petitioner filed three motions for judicial release pursuant to Ohio Rev. Code § 2929.20 with the Butler County Common Pleas Court. The first motion was filed on March 11, 2004, and was denied March 23, 2004. (*Id.,* Exs. K, L, Q). The second motion was filed on March 23, 2004, and was denied on April 13, 2004. (*Id.,* Exs. M, N, Q). The third motion was filed on August 12, 2004, and was denied on August 25, 2004. (*Id.,* Exs. O, P, Q).

Petitioner initiated the instant federal habeas corpus action in July 2005. The petition was signed by petitioner on July 17, 2005 and was officially "filed" on July 28, 2005.[4] (Doc. 1). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). In this case, the record does not reflect the actual date petitioner provided his petition to prison authorities for mailing. Therefore, absent evidence to the contrary, the Court assumes the petition was delivered to prison authorities and thus "filed" on July 17, 2005, the date petitioner signed it. *Cf. Burnett v. Birkett,* No. 00-10144-BC, 2002 WL 31748843, at *3 (E.D. Mich. Nov. 26, 2002) (unpublished) (citing *Hudson v. Martin,* 68 F.Supp.2d 798, 799 n.2 (E.D. Mich. 1999), *aff'd,* 8 Fed. Appx. 352 (6th Cir. Mar. 22, 2001)).

In the petition, petitioner alleges three grounds for relief. (Doc. 1, pp. 5-6). He claims that the prosecution violated his constitutional rights by failing to disclose evidence favorable to the defense until the second day of trial (Ground One); that the jury was "tainted against him" when a juror overheard during a court recess an argument between defense counsel and an "unqualified deputy concerning the state[']s 'hiding' of evidence" (Ground Two); and that he was denied effective assistance of counsel by both his trial and appellate counsel (Ground Three). (*See id.*).

All of petitioner's claims for relief involve allegations of error occurring in the state trial and appeal proceedings, which either were or could have been

---

[4] The petition, which was filed in the United States District Court for the Southern District of Ohio, Eastern Division, was transferred to this Court for all further proceedings on August 1, 2005. (*See* Doc. 3)

discovered by petitioner through the exercise of due diligence before the conclusion of those proceedings.  Therefore, the petition is governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Based on the present record, it appears that petitioner's conviction became "final" for statute of limitations purposes on February 5, 2004, when the forty-five (45) day period expired for filing an appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' December 22, 2003 direct appeal decision.  *See* Rule II, § 2(A)(1)(a), of the Rules of Practice of the Supreme Court of Ohio.  The statute of limitations began running the following day on February 6, 2004, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and ended one year later on February 6, 2005, absent the application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2).[5]  The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998).[6]  Once the limitations period is expired, state collateral

---

[5]  *See also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

[6]  *See also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000);  *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998).

review proceedings can no longer serve to avoid the statute of limitations bar.  *Id.*[7]

In this case, petitioner filed three motions for judicial release with the state trial court and a motion for delayed appeal to the Supreme Court of Ohio before filing the instant federal habeas corpus petition.  In his motions for judicial release, petitioner did not challenge or otherwise seek review of his conviction or sentence, but merely requested that he be considered for early release from prison and placement under "appropriate community control sanctions" for the remainder of his sentence.  Respondent contends that these pleadings did not serve to toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2) because they do not constitute "an application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." (Doc. 6, Brief, p. 9).

"Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for . . . collateral review of the judgment or claim."  *Witkowski v. Vasbinder,* No. 04-CV-74232-DT, 2006 WL 618891, at *4 (E.D. Mich. Mar. 9, 2006) (unpublished) (quoting *Rodriguez v. Spencer,* 412 F.3d 29, 36 (1st Cir. 2005), *cert. denied,* 126 S.Ct. 1151 (2006)).  As a general rule, a "filing that purports to be an application for State post-conviction or other collateral review with respect to a pertinent judgment or claim must set forth the grounds on which it is based, must state the relief desired, *and must collaterally attack the relevant conviction or sentence.*"  *Id.* (citing *Sibley v. Culliver,* 377 F.3d 1196, 1200 (11th Cir. 2004), in turn citing *Voravongsa v. Wall,* 349 F.3d 1, 6 (1st Cir. 2003), *cert. denied,* 541 U.S. 963 (2004)) (emphasis added).  In other words, the application must seek "review" of the "judgment pursuant to which [the petitioner] is incarcerated" to trigger the applicability of § 2244(d)(2)'s tolling provision.  *Id.; see also Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002), *cert. denied,* 537 U.S. 1236 (2003); *Branham v. Ignacio,* 83 Fed.Appx. 208, 209 (9th Cir. Dec. 11, 2003) (not published in Federal Reporter), *cert. denied,* 541 U.S. 1077 (2004); *Johnson v. Lewis,*  310 F.Supp.2d 1121, 1125 (C.D. Cal. 2004).

Upon review of the relevant case-law, it appears that there is no case directly on point to the issue at hand.  However, courts have refused to extend the tolling

---

[7]  *Cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

provision set forth in 28 U.S.C. § 2244(d)(2) to mandamus petitions seeking to have a state court take action on a matter, *Moore,* 298 F.3d at 366-67; *Webb v. Cason,* No. 02-CV-72788-DT, 2003 WL 21355910, at *4 (E.D. Mich. May 30, 2003) (unpublished), *aff'd,* 115 Fed.Appx. 313 (6th Cir. Dec. 17, 2004) (not published in Federal Reporter), *cert. denied,* 125 S.Ct. 2919 (2005); petitions for executive clemency under state law, *Malcolm v. Payne,* 281 F.3d 951 (9th Cir. 2002); motions for evidentiary materials and transcripts filed with the court, *Lloyd v. VanNatta,* 296 F.3d 630 (7th Cir. 2002), *cert. denied,* 537 U.S. 1121 (2003); *Hodge v. Greiner,* 269 F.3d 104, 107 (2nd Cir. 2001); motions for appointment of counsel, *Voravongsa,* 349 F.3d at 6-7; and motions to correct the record, *Witkowski, supra,* 2006 WL 618891, at *4. Although this case poses a closer question,[8] the Court similarly concludes that because petitioner's motions for judicial release did not seek collateral review of the underlying judgment or sentence that resulted in petitioner's incarceration, the statute of limitations was not tolled under § 2244(d)(2) during the time they were pending in the state courts.

In contrast, petitioner's motion for delayed appeal to the Supreme Court of Ohio did serve to toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2). *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001).

Accordingly, the statute, which commenced running on February 6, 2005, ran for 123 days before it was tolled on June 9, 2004 by the filing of petitioner's motion for delayed appeal; and the statute remained tolled through November 2, 2004, when the 90-day period expired for filing a petition for writ of certiorari to the United States Supreme Court from the Supreme Court of Ohio's August 4, 2004 entry denying petitioner's motion for delayed appeal. *See Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), *cert. denied,* 541 U.S. 1070 (2004).[9]

---

[8] It is noted that in one recent case, a petitioner filed various pleadings in the state court, including a document entitled "Application for Writ of Habeas Corpus" and a request for an order that he be placed in a drug treatment program. *See Moore v. Dretke,* No. 3:04-CV-2093-H, 2006 WL 297758, at *2 (N.D. Tex. Jan. 12, 2006) (unpublished). The state court of appeals had construed petitioner's documents as a motion for leave to file a writ of mandamus, which the federal district court concluded did not toll the limitations period under § 2244(d)(2).

[9] *But see Lawrence v. Florida,* 421 F.3d 1221, 1224-25 & n.1 (11th Cir. 2005) (noting that the district court abused its discretion in entering a stay order pending the Supreme Court's

Thereafter, tThe statute of limitations commenced running again on November 3, 2004, and it expired 242 days later on July 2, 2005.

Thus, the instant petition, "filed" at the earliest on July 17, 2005, two weeks after the statute of limitations had ceased running, is time-barred.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 125 S.Ct. at 1814 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151).

The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152

---

certiorari ruling in *Abela* and holding that a certificate of appealability should not have issued on the statute of limitations issue because under binding precedent in the Eleventh Circuit–*Coates v. Byrd,* 211 F.3d 1225, 1227 (11th Cir. 2000), *cert. denied,* 531 U.S. 1166 (2001), the limitations period was not tolled during the pendency of a petition for certiorari challenging the state court's denial of post-conviction relief), *cert. granted,* No. 05-8820, 2006 WL 219613 (U.S. Mar. 27, 2006).

(1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court. He also has not demonstrated he is entitled to equitable tolling under *Dunlap*. First, petitioner does not argue, nor is there evidence in the record to suggest that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas petitions. Moreover, it is clear from the record that petitioner has not been diligent in pursuing his rights. Indeed, petitioner sat on his rights for nearly a year after the Supreme Court of Ohio denied his delayed appeal motion, and he did not commence the instant action until only two months remained to be served on his state sentence. Therefore, equitable tolling is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the statute commenced running on February 6, 2004 and expired on July 2, 2005, after taking into consideration tolling under 28 U.S.C. § 2244(d)(2) and equitable tolling principles. The petition, "filed" at the earliest on July 17, 2005, was submitted two weeks too late. It is, therefore, RECOMMENDED that respondent's motion to dismiss (Doc. 6) be GRANTED, and petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED with prejudice as time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be GRANTED, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED with prejudice as time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should issue with respect to any Order adopting this Report and Recommendation to dismiss the petition with prejudice on procedural statute of limitations grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would "find it debatable whether this Court is correct in its procedural ruling" and whether the otherwise-barred grounds for relief state "viable claim[s] of the denial of a constitutional right" or are "adequate to deserve encouragement to

proceed further." *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983).  *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith" and, therefore, GRANT petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  5/2/06                      s/Timothy S. Black
       cbc                            Timothy S. Black
                                   United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\05-513mtd-sol.grant.wpd

# UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
### WESTERN  DIVISION

Brian D. Fleming,
    Petitioner,

                                                    Case No. 1:05cv513

        v.                                      (Weber, S.J.; Black, M.J.)

Alan Lazaroff,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)   Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).